IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Manuel Arias,                                        Case No. 1:06 CV 2220

                         Petitioner,       MEMORANDUM OPINION
                                           AND ORDER

           -vs-
                                           JUDGE JACK ZOUHARY
Stuart Hudson,

                         Respondent.

### BACKGROUND

Petitioner was convicted by a state court jury of two counts of rape, three counts of kidnapping and one count of sexual battery, each with a sexually violent predator specification, and three counts of gross sexual imposition.  The court sentenced him to life imprisonment.  He now files a Petition for a Writ of Habeas Corpus (Doc. No. 1) claiming he is being held in violation of the Constitution, laws, or treaties of the United States.

This Court has jurisdiction under 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").  Petitioner alleges his detention violates the First, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution.

Petitioner raises three grounds for relief: (1) his sentence was imposed without required jury findings in violation of the U.S. Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004); (2) trial counsel rendered ineffective assistance by failing to object to the sentence on

constitutional grounds; and (3) appellate counsel rendered ineffective assistance by failing to challenge the sentence as unconstitutional and failing to raise a claim based on trial counsel's ineffective assistance.

Respondent claims the first and second grounds are procedurally defaulted because Petitioner did not properly exhaust the claims in state court; and the third ground fails because the state court decision was neither "contrary to" nor an "unreasonable application" of clearly established federal law.  (Doc. No. 10).

### PROCEDURAL BACKGROUND

In January 2003, Petitioner was indicted on two counts of rape with a sexually violent offender specification, four counts of gross sexual imposition with sexually violent offender specifications, one count of sexual battery with a sexually violent offender specification, and three counts of kidnapping with sexually violent offender specifications.  The state dismissed one of the gross sexual imposition counts.  Petitioner waived his right to a jury with respect to the sexually violent predator specifications.  The charges were tried to a jury, which found Petitioner guilty on all counts.  In December 2003, the Lorain County Common Pleas Court adjudicated Petitioner a sexual predator and sentenced Petitioner to an aggregate term of thirty years to life.

The sentence was supported by judicial findings that were made on a standard sentencing form where the judge marked the relevant findings, as prescribed by statute.  (Neither party included a transcript of the sentencing hearing as part of the Record.  A portion of the hearing is available in Exhibit 17B of the Return of Writ, at pp. 21-22.  The parties refer only to the sentencing form and the factors listed there. The trial court's comments appear generally to track these factors.)

2

In justifying a term exceeding the minimum term of three years per count, the judge indicated "the shortest prison term will demean the seriousness of the defendant's conduct" and "the shortest prison term will not adequately protect the public from future crime by defendant or others" (Doc. No. 10, Ex. 12).  The judge justified imposing the maximum term by also indicating that "the defendant poses the greatest likelihood of recidivism."  Finally, the judge imposed consecutive sentences by indicating consecutive sentences were:

> . . . necessary to protect the public from future crime or to punish the defendant and are not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public; the defendant committed multiple offenses while the defendant was under a post release control sanction; the harm caused by the defendant was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the defendant's conduct; and the defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant.

Petitioner, represented by new legal counsel, filed a timely notice of appeal to the Ninth District Court of Appeals, Lorain County, in January 2004.  Petitioner raised five grounds for relief, none of which are related to his present claims.  In August 2004, the court denied his appeal and affirmed the judgment of the trial court.

Petitioner then filed an Application to re-open his direct appeal in November 2004 pursuant to Ohio Appellate Rule 26(B).  Petitioner, represented yet again by new counsel, raised three grounds for relief, which he claimed should be reviewed because they were omitted from his earlier appeal due to the ineffective assistance of appellate counsel. Two of those grounds are relevant to this Petition: (1) ineffective assistance of trial counsel in failing to object to Petitioner's sentence on constitutional grounds; and (2) violation of the Sixth Amendment arising from the trial court's factual findings underlying the sentence.  In December 2004, the court denied relief on all three grounds.

In February 2005, Petitioner appealed this denial to the Ohio Supreme Court, raising four grounds, of which three are relevant to this Petition: (1) ineffective assistance of trial counsel in failing to object to the sentence; (2) ineffective assistance of appellate counsel in failing to challenge the sentence on direct appeal; and (3) violation of the Sixth Amendment arising from the trial court's factual findings underlying the sentence.  In May 2005, the court declined to hear the discretionary appeal in an order that did not discuss the merits.  Petitioner's writ of certiorari to the United States Supreme Court was denied in October 2005.

This Petition was filed in September 2006 and was referred to the Magistrate Judge.  The referral was terminated in April 2008 and returned to this Court.  The parties agree the Petition is timely, and the matter is fully briefed.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, requires a federal habeas court to limit its analysis to the law as it was "clearly established" by the U.S. Supreme Court at the time of the state court decision.  The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Supreme Court has provided direction on the application of this standard in *Williams v. Taylor*, 529 U.S. 362 (2000).  Under the "contrary to" prong, a federal habeas court may grant the writ

4

if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question

of law, or if the state court decides a case differently than the Supreme Court has on a set of materially

indistinguishable facts. *Id.* at 405-406; *see also Bell v. Cone,* 535 U.S. 685, 694 (2002). This depends

on the existence of a holding of the Supreme Court controlling the issue at the time of the relevant

state court decision.  If a controlling holding does not exist, then the court must deny the petition.

The "unreasonable application" prong of Section 2254(d)(1) permits a federal habeas court

to "grant the writ if the state court identifies the correct governing legal principle" from the Supreme

Court's decisions "but unreasonably applies that principle to the facts" of petitioner's case.  *Williams*,

529 U.S. at 413.  The "unreasonable application" clause requires the state court decision to be more

than incorrect or erroneous.  *Lockyer v. Andrade,* 538 U.S. 63, 76 (2003) (*citing Williams,* 529 U.S.

at 407). Rather, the state court's application must have been "objectively unreasonable." *Williams,*

529 U.S. at 409.

The Court discusses the First and Third Grounds of the Petition together, as they are

intertwined.

## I.      Sentencing in Violation of *Blakely*

The Petition alleges the sentence imposed by the trial court violated the Sixth Amendment

because the judge engaged in unconstitutional fact finding following the jury's verdict.  *Blakely v.*

*Washington*, 542 U.S. 296 (2004); *State v. Foster*, 109 Ohio St. 3d 1 (2006).  In particular, Petitioner

cites the sentencing form, used by the trial court to indicate certain factors justifying maximum and

consecutive sentences.  Petitioner mentioned this issue for the first time in his Application to re-open

his direct appeal.  Pursuant to Ohio Appellate Rule 26(B),[1] a convicted defendant may ask the appellate court to re-open the direct appeal if grounds for relief were not asserted on direct appeal because of ineffective assistance of counsel.  Respondent argues this claim, as well as the claim that trial counsel was ineffective, is procedurally defaulted.

An initial inquiry for this Court is whether Petitioner raised a direct claim that his sentence was unconstitutional, or a claim that his counsel rendered ineffective assistance in failing to raise this argument at sentencing and then upon direct appeal.  The appellate court decision denying the Application to re-open the appeal is a ruling on the merits of the ineffective assistance claim rather than the underlying error that counsel allegedly failed to raise.  *See Roberts v. Carter*, 337 F.3d 609, 614-15 (6th Cir. 2003):

> In holding that Roberts' failed to demonstrate that he was deprived constitutionally effective appellate counsel, the court stated that "Appellant's argument he was prejudiced by the presence of the alternate jurors during deliberations is based purely upon speculation and is unsupported by the record. We find that the state of the present record does not support appellant's assertion."  In light of the requirements of Rule 26(B), the court's holding must be read as pertaining to the merits of Roberts' ineffective assistance of appellate counsel claim, not his state procedural rule claim.

The underlying claim is reached only if the court finds, pursuant to Ohio Appellate Rule 26(B)(5), that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal."

In the instant case, the state appellate court clearly considered the merits of Petitioner's ineffective assistance of counsel claim (Doc. Nos. 1-2).  Applying the standard set in *Strickland v. Washington*, 466 U.S. 668 (1984), the appellate court reviewed whether Petitioner raised a "genuine

---

[1]

"A defendant in a criminal case may apply for re-opening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel."

issue of ineffective assistance of appellate counsel" by considering the circumstances of the underlying claim.  *See Strickland*, 446 U.S. at 690 ("A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.").  The court concluded no genuine issue was raised as to ineffective assistance of counsel because *Blakely* did not apply to Petitioner's sentence and therefore Petitioner was not prejudiced. Therefore, Petitioner raised, and the state appellate court adjudicated, a claim for ineffective assistance of appellate counsel but not for a direct violation of *Blakely* and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  *See Haliym v. Mitchell*, 492 F.3d 680, 691, 696 (6th Cir. 2007) (holding discussion of "genuine issue" of ineffective assistance excused any procedural default as to ineffective assistance claim but also holding underlying claim was **not** thereby raised or adjudicated).

The Court now considers whether Petitioner's claim that his sentence violated *Blakely* is procedurally defaulted and thus not an available basis for habeas relief.

### A.    Procedural Default

The doctrine of procedural default prevents federal habeas courts from reviewing federal claims that the state courts declined to address because of a petitioner's failure to comply with state procedural requirements.  *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  "Under Ohio law, the failure to raise on appeal a claim that appears on the face of the record constitutes a procedural default under the State's doctrine of res judicata."  *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).

The Sixth Circuit has adopted the following approach in determining whether a petitioner's grounds for relief are procedurally defaulted and thus beyond federal habeas review:

7

> [W]e engage in a four-part inquiry, asking whether:
>
> (1) a state procedural rule exists that applies to the petitioner's claim, (2) the petitioner failed to comply with the rule, (3) the state court actually applied the state rule in rejecting the petitioner's claim, and (4) the state procedural rule is an adequate and independent ground upon which the state can rely to deny relief.  Furthermore, a procedural default does not bar consideration of a federal claim on habeas corpus review unless the last state court rendering a reasoned opinion in the case clearly and expressly states that its judgment rests on a state procedural bar.

*Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (internal quotation marks omitted) (citations omitted).

Procedural default occurs when the last state court rendering a decision makes a "plain statement" basing its judgment on a procedural bar.  *Harris v. Reed*, 489 U.S. 255 (1989).  "The mere existence of a basis for a state procedural bar does not deprive [federal courts] of jurisdiction; the state court must actually have relied on the procedural bar as an independent basis for its disposition of the case."  *Bowling v. Parker*, 344 F.3d 487, 498 (2003) (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985)); *see also Coleman v. Thompson*, 501 U.S. 722, 735 (1991) (holding the last state court rendering a reasoned judgment must "clearly and expressly" state that its judgment rests on a procedural bar for the doctrine of procedural default to apply).

In cases where no state court has addressed the issue in a reasoned judgment, but has merely denied relief in a summary fashion, the federal habeas court must determine whether the decision rested on "adequate and independent" state grounds.  The Sixth Circuit has held that in such cases, the federal courts assume "that had the state court addressed [the] petitioner's . . . claim, it would not have ignored its own procedural rules and would have enforced the procedural bar."  *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996).

A petitioner may overcome procedural default by showing cause for the failure to comply with the state procedural rule and prejudice resulting from the alleged constitutional violation.  *See Wong*, 142 F.3d at 319.

In the instant case, Petitioner first argued a direct *Blakely* violation when he appealed to the Ohio Supreme Court the denial of his Application to re-open (Doc. No. 10, Ex. 23).  (His previous direct appeal only argued for relief on the basis of ineffective assistance of appellate counsel.)  The Supreme Court denied jurisdiction, without explanation, finding the appeal did not involve "any substantial constitutional question."

Applying the four-part *Morales* analysis to the claim of unconstitutional sentencing, the Court first finds Ohio law provided a procedural bar to Petitioner's claim.  Pursuant to *State v. Perry*, 10 Ohio St. 2d 175, 176 (1967), "Constitutional issues cannot be considered in post-conviction proceedings under Section 2953.21 et seq., Revised Code, where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him."  Petitioner's direct appeal concluded with the appellate court decision in August 2004, two months **after** the U.S. Supreme Court issued *Blakely*.  The trial record available to appellate counsel at that time, coupled with *Blakely*, arguably provided a basis for appeal that was not raised.

Second, Petitioner did not comply with the *Perry* rule, as he raised this claim for the first time in his appeal to the Ohio Supreme Court.

Third, as in *Simpson*, 94 F.3d at 203, there is no reasoned state court decision disposing of this claim.  This ground was first argued in Petitioner's final discretionary appeal to the state supreme court, which was denied without substantive explanation.  The state appellate court opinion dealt

9

solely with ineffective assistance of appellate counsel. Ordinarily, this Court would presume the Ohio Supreme Court would have enforced the procedural bar against Petitioner's claim. However, as the Court will discuss, the vitality of the procedural bar is far from certain in the context of *Blakely* claims.

Fourth, this procedural bar is generally recognized as adequate and independent grounds, *White v. Mitchell*, 431 F.3d 517, 527 (6th Cir. 2005), but the bar is not applied consistently in this context. In *Noland v. Hurley*, 523 F. Supp. 2d 659, 668-69 (S.D. Ohio 2008), the court noted the Ohio Supreme Court has remanded cases for re-sentencing under *Foster* even where *Blakely* claims were not raised in lower courts. The *Noland* court cited *State v. Buchanan*, 2006-Ohio-5653 (Ct. App. 7 Dist.), where the appellate court reviewed the practice in Ohio appellate courts and concluded the *Perry* rule had not been applied consistently to *Foster/Blakely* challenges. *Id.* at ¶¶ 43-46. ("[T]he doctrine of waiver is inapplicable to *Foster* issues." *Id.* at ¶ 45.) The *Noland* court found the petitioner's claim was not procedurally defaulted because the waiver doctrine had not been applied consistently in state courts.

Another district court disagreed with *Noland's* approach. In *Browner v. Wolfe*, No. 1:05-CV-817, 2008 WL 1990457 (S.D. Ohio Apr. 30, 2008), the court distinguished sentences imposed post-*Blakely* from sentences imposed pre-*Blakely*. *Id.* at *5. In *Browner*, as in the instant case, the petitioner was sentenced pre-*Blakely*. The significance of this distinction may be found in the applicability of *Foster* which does not apply retroactively but only to cases pending on direct appeal at the time it was decided. This suggests a case would not be remanded for re-sentencing if the case was final before *Foster* was decided. The *Buchanan* court, however, did not draw this distinction in

10

surveying re-sentencings under *Foster*, and this Court finds the uncertainty and inconsistency in applying the waiver doctrine to *Foster/Blakely* challenges renders procedural default inapplicable.

Thus, Respondent fails to establish procedural default.  Because this question is a close call and authority is limited, the Court also addresses the cause and prejudice exception to procedural default, which provide an alternative basis for reaching the merits of this claim.

### 1.      Ineffective Assistance of Counsel

Petitioner argues any procedural default is excused because both trial and appellate counsel rendered ineffective assistance of counsel by failing to raise this claim.  As Respondent concedes, the alleged ineffective assistance of appellate counsel was properly exhausted because it was raised at the first opportunity in Petitioner's Application to re-open, where he was represented by new appellate counsel.  *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (holding ineffective assistance of counsel may constitute "cause" only if ineffective assistance claim was itself properly exhausted).  "[I]neffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim."  *Id.* at 451.  In deciding whether ineffective assistance of appellate counsel on direct appeal excuses the procedural default, the Court simultaneously considers the merits of the ineffective assistance claim.

Under the Sixth Amendment to the Constitution, criminal defendants have the right to effective assistance of counsel.  *Strickland*, 466 U.S. at 685-86.  Petitioner must show that counsel's performance was deficient and that it prejudiced his defense. *Id.* at 687.  "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.*  Counsel's performance is deficient if it was objectively unreasonable under the circumstances. *Id.* at 688.  Petitioner establishes prejudice if "there is a

11

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In this context, "reasonable probability" means "a probability sufficient to undermine confidence in the outcome." *Id.* Where the state court has addressed the ineffective assistance claim, the federal habeas court must determine whether the state court's application of *Strickland* was objectively unreasonable. 28 U.S.C. § 2254(d).[2]

The Court finds appellate counsel was not deficient in failing to alert the court to *Blakely* and its possible application to Petitioner's sentence. The U.S. Supreme Court issued its decision in *Blakely* after appellate briefing by both parties and shortly before the appellate ruling. Counsel was not deficient for omitting an *Apprendi* argument from its briefing. The Sixth Circuit has found "trial counsel cannot be deemed ineffective for failing to anticipate the Supreme Court's June 24, 2004 holding in *Blakely* that the Sixth Amendment precluded the imposition of a sentence under Washington state's sentencing system based on facts not found by a jury or admitted by the defendant." *United States v. Burgess*, 142 F. App'x 232, 240 (6th Cir. 2005).[3] Before the Supreme Court decided *Blakely*, *Apprendi* was interpreted to apply only to findings that increased the maximum sentence. *United States v. Leachman*, 309 F.3d 377, 382 (2002). Therefore, Petitioner's claimed basis for relief did not exist under Supreme Court case law at that time. This Court follows

---

[2]

The state appellate court's decision denying this claim may have been contrary to clearly established federal law, as it incorrectly concluded that *Blakely* applied only to sentences exceeding the statutory maximum. For purposes of *Blakely*, the "maximum" sentence is any sentence beyond that which may be imposed on the basis of the jury's verdict. However, because the Court reaches the same conclusion upon its review of the claim, its disagreement with this reasoning does not change the outcome.

[3]

The Sixth Circuit subsequently held that *Burgess* was not broadly applicable and that failure to at least raise the *Apprendi* argument pre-*Blakely* may constitute ineffective assistance. However, this Opinion was later vacated. *Nichols v. U.S.*, 501 F.3d 542, 546 n. 2 (6th Cir.2007), *reh'g en banc granted, opinion vacated*, Jan. 3, 2008.

the guidance in *Burgess* and finds counsel was not deficient for failing to argue for an extension of *Apprendi*.

Counsel also was not deficient for failing to alert the court to *Blakely* and argue for its application to Petitioner's sentence.  At the time the Ohio Supreme Court decided *Foster*, the Ninth District Court of Appeals, the state appellate court in the instant case, had held *Blakely* inapplicable to Ohio's sentencing regime.  *Foster*, 109 Ohio. St. 3d. at 488 n. 79 (collecting cases).  Given both the short time (two months) between *Blakely* and the end of Petitioner's direct appeal, coupled with the weight of authority against applying *Blakely* to his sentence (particularly within the Ninth District), this Court cannot find appellate counsel's performance so deficient as to rise to the level of a constitutional violation.  As the Supreme Court held in *Strickland*: "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  466 U.S. at 691.

There is a split of authority among Ohio federal district courts regarding whether appellate counsel's failure to raise a *Blakely* challenge on direct appeal constituted deficient performance under *Strickland*.  Several cases have analogous procedural histories to the instant case -- i.e., *Blakely* was decided during the pendency of Petitioner's state appeals but not raised at the first possible opportunity -- and have not reached consensus.  Compare *Davis v. Eberlin*, No. 5:06-CV-398, 2008 WL 618968 (N.D. Ohio Apr. 29, 2008) (holding ineffective assistance excused failure to raise *Blakely* on direct appeal, and noting tension between denying ineffective assistance but enforcing procedural default) with *Flannery v. Hudson*, No. 1:06-CV-1938, 2008 WL 1787155 (N.D. Ohio Apr. 17, 2008) (holding ineffective assistance did not excuse this procedural default) and *Browner v. Wolfe* (same);

13

*see also Rettig v. Jeffreys*, 557 F. Supp. 2d 830 (N.D. Ohio 2008) (holding trial counsel not deficient for failing to raise *Blakely* challenge to sentencing that took place after *Blakely* but before *Foster*). Compare *Perry v. Money*, No. 1:05-CV-2737, 2007 WL 2236634 (N.D. Ohio July 31, 2007) (granting a writ of habeas corpus where constitutional claim, that sentence beyond statutory maximum violated *Blakely*, was properly raised on direct appeal and not procedurally defaulted).

In *Davis*, the court found the petitioner raised the *Blakely* challenge "at the first available opportunity" in his appeal to the Ohio Supreme Court.  There, the petitioner's direct appeal was denied in July 2004, just after *Blakely* was decided.  The court concluded "it would be inconsistent to recognize Petitioner's ineffective assistance of counsel claim . . . and not recognize that this same ineffectiveness excused the procedural default." *Id.* at *4 n. 4.  By contrast, *Browner* emphasized the broad range of acceptable performance by counsel and found the failure to raise *Blakely*, which was decided while the direct appeal was pending, did not exceed those bounds.  Likewise, appellate counsel in the instant case performed within the range of acceptable performance.

### 2. Novel Constitutional Claim

Nevertheless, the Court finds any procedural default of the *Blakely* claim is excused because of the novelty of the argument at the time Petitioner's direct appeal was pending.  The Court adopts the reasoning in Judge O'Malley's decision (currently on appeal to the Sixth Circuit) in *Cvijetinovic v. Eberlin*, No. 04-CV-2555, 2008 WL 918576 (N.D. Ohio Mar. 31, 2008).  In that case, the petitioner was sentenced in February 1999 but then re-sentenced in December 2003 after a successful appeal. The new sentence was affirmed on appeal, and the Ohio Supreme Court in May 2004 declined to hear further appeal.  In August 2004, two months after *Blakely*, the petitioner filed a petition for a writ of certiorari in the U.S. Supreme Court, for the first time raising a *Blakely* challenge to his "maximum"

14

sentences.  In a well-supported and persuasive analysis, *id.* at *11-20, the court explored whether the novelty of the *Blakely* claim excused the petitioner's failure to raise it in state court.

The court considered the standard set forth in *Reed v. Ross*, 468 U.S. 1 (1984), where the Supreme Court held "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures." *Id.* at 16.  *Reed* established three categories of new constitutional rules: (1) explicit overruling of Supreme Court precedent; (2) decisions that overturn long-standing practice; and (3) decisions approving of practices arguably sanctioned by previous Supreme Court decisions. *Id.* at 17.  The vitality of *Reed* was placed in question by *Bousley v. United States*, 523 U.S. 614 (1998), where the Supreme Court held the "cause" is not satisfied merely by showing the claim in question would have been unpersuasive to the particular court at the particular time. *Id.* at 623.  Judge O'Malley correctly distinguished the new rule announced by *Blakely* from the claim at issue in *Bousley*, which involved intensive statutory interpretation and a split of authority among lower courts; *Blakely* represented a divergence from previous cases, including *Apprendi*, which sanctioned judicial fact finding for sentences within the prescribed range.

In *Cvijetonvic*, as in the instant case, the sentence imposed did not exceed the prescribed range and thus did not violate *Apprendi*.  Accordingly, the failure to argue for an extension of *Apprendi* before *Blakely* was decided is excused.  Petitioner could have supplemented his brief with a *Blakely* argument while his case was pending on direct appeal, but no authority addresses default in this unique scenario.  Indeed, this Court believes it would be incongruous to hold appellate counsel was not ineffective for failing to notify the appellate court of *Blakely*, whose application to Ohio sentencing was at best unclear, yet simultaneously find the failure to file such a notice constitutes

procedural default. Petitioner addressed the *Blakely* argument at the first reasonable opportunity when he filed his Application to re-open. This time frame is similar to *Cvijetonvic*, where the petitioner applied to re-open his direct appeal after *Blakely* was decided, but did not raise error on that ground. Indeed, the reasoning in *Cvijetonvic* applies *a fortiori* to Petitioner's circumstances. Under these unique circumstances, and in light of the novelty of *Blakely*, this Court finds cause to excuse Petitioner's failure to raise the argument earlier in his appeal.

Having established cause for his default, Petitioner must also show he was actually prejudiced by the constitutional error. Petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The facts must demonstrate the prejudice "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). The Court "should assume that the petitioner has stated a meritorious constitutional claim." *Maupin v. Smith*, 785 F.2d 135, 139 (6th Cir. 1986). Petitioner must show the constitutional error resulted in actual, not merely possible, prejudice. *Id.*

Petitioner was sentenced to the maximum period allowed under the statutes based upon judicial fact finding. Assuming these findings were unconstitutional, as it must for these purposes, the Court finds actual prejudice is clearly established. The Court now turns to the merits of the claim.

### B. The Merits

In *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000), the Supreme Court held: "[O]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

16

Subsequently, the Supreme Court clarified *Apprendi* in *Blakely*, 542 U.S. at 303, holding the "statutory maximum" for *Apprendi* purposes is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings -- i.e., "solely on the basis of the facts reflected in the jury verdict or admitted by the defendant" *id*. (holding that sentence violated the Sixth Amendment where trial judge sentenced the defendant to more than the statutory maximum because defendant acted with deliberate cruelty even though he did not admit, nor did the jury find, that he acted with deliberate cruelty).

Under Ohio's sentencing scheme in effect when Petitioner was sentenced in November 2003, a court could impose a sentence between three and ten years for a felony of the first degree.  Ohio Rev. Code § 2929.14(A)(1).  Petitioner was sentenced to an aggregate term of thirty years to life in prison, consisting of three consecutive sentences of ten years to life on three separate sets of first-degree felony counts -- Counts 1 and 3, Counts 7 and 8, and Count 9.  At the time of sentencing, Ohio law presumptively favored the minimum sentence unless the judge found that certain aggravating factors were present. Ohio Rev. Code § 2929.14(B) ("the court shall impose the shortest prison term authorized for the offense . . . unless one or more of the following applies: (1) the offender . . . previously had served a prison term; (2) the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others"). Therefore, the maximum sentence which could be imposed without the finding of any additional facts was three years per count. *See Shafer v. Wilson*, No. 1:06-CV-648, 2007 WL 315760, at *11, 27 (N.D. Ohio Jan. 30, 2007).  Furthermore, Ohio law required separate factual findings by the court to impose maximum or consecutive sentences.  Ohio Rev. Code § 2929.14(C); Ohio Rev. Code § 2929.14(E)(4) & (B)(2).

17

Petitioner contends the indications on the sentencing form amounted to unconstitutional judicial fact finding in violation of *Blakely*, as the Ohio Supreme Court held in *State v. Foster*, 109 Ohio St. 3d 1 (2006) (holding Ohio's felony sentencing regime unconstitutional under *Blakely* and progeny to the extent it mandated judicial fact finding to impose non-minimum and consecutive sentences).

First, in *Foster*, after examining Ohio's felony sentencing statutes in light of *Blakely*, the Ohio Supreme Court severed the *Blakely*-offending portions, Ohio Rev. Code §§ 2929.14(B), (C), (E)(4), (D)(2), (D)(3), 2929.19(B)(2) and 2929.41(A), eliminating all references to mandatory judicial fact finding. *Foster*, 109 Ohio St. 3d at 29. Consequently, post-*Foster*, the statutory maximum authorized by the jury verdict is the top of the sentencing range for the conviction. *Id.*; Ohio Rev. Code § 2929.14(A). The retroactivity of this holding, however, was limited to those cases on direct review. *Foster*, 109 Ohio St. 3d at 31. Petitioner's initial direct appeal concluded in August 2004, when the state appellate court denied his first appeal. His Application to re-open his direct appeal concluded on October 2005 when the U.S. Supreme Court denied his petition for a writ of certiorari. Because *Foster* was decided the following year, it does not apply to this case on habeas review. *See, e.g.*, *Davis v. Eberlin*, No. 5:06-CV-398, 2008 WL 618968, at *7 (N.D. Ohio Mar. 3, 2008).

However, Petitioner's sentence is subject to the holding in *Blakely* because Petitioner's sentence was still on direct review when *Blakely* was decided in June 2004. Therefore, the question before the Court is whether Petitioner's sentence is invalid because it violated the constitutional principles articulated in *Apprendi* and *Blakely. See Lawhun v. Jeffries,* No. 1:05-CV-2491, 2006 WL 1982869, at *5 (N.D. Ohio July 13, 2006). The Court considers the constitutionality of each finding under *Blakely.*

18

### 1. Petitioner's Prior Convictions

Although the trial court considered Petitioner's prior prison term pursuant to Ohio Rev. Code § 2929.14(B)(1), a section subsequently severed as unconstitutional in *Foster*, this finding did not violate the Sixth Amendment under *Blakely*. *Apprendi*, 530 U.S. at 490; *United States v. Poole*, 407 F.3d 767, 777 (6th Cir. 2005) ("*Booker*'s holding, that the Sixth Amendment bars mandatory enhancements based on judicial fact-finding, does not apply to the 'fact of a prior conviction'"). Therefore, the trial judge's consideration of Petitioner's prior record was not unconstitutional.

### 2. Demeaning the Seriousness of the Offense / Protecting the Public

Petitioner also argues the trial court made impermissible factual findings in violation of *Blakely* when it indicated on the sentencing form that the shortest term would demean the seriousness of the conduct and would not adequately protect the public from future crime by Petitioner and others.

These findings show the trial judge based Petitioner's sentence in part on facts not admitted, stipulated or found by the jury. Therefore, the sentence of ten years to life on three sets of first-degree felony counts exceeds the statutory maximum, as defined for *Apprendi* and *Blakely*. *See Shahan v. Jeffries*, No. 2:06-cv-160, 2007 WL 1432042, at *1 (S.D. Ohio May 14, 2007); *Shafer,* 2007 WL 315760, at *11, *29; *Tanner v. Wolfe*, No. 2:05-cv-00076, 2007 WL 649960, at *2 (S.D. Ohio Feb. 23, 2007).

Remand for re-sentencing is required unless this Court is "certain that any such error was harmless -- *i.e.* any such error did not affect the court's selection of the sentence imposed." *United States v. Hazelwood*, 398 F.3d 792, 801 (6th Cir. 2005) (internal quotation marks omitted). While *Blakely* violations may sometimes be harmless error, to establish harmless error, the Government must "prove that none of the defendant's substantial rights have been affected by the error." *United States*

*v. Oliver*, 397 F.3d 369, 381 (6th Cir. 2005). "[A] remand for an error at sentencing is required unless we are certain that any such error was harmless -- *i.e.* any such error 'did not affect the [trial] court's selection of the sentence imposed.'" *United States v. Hazelwood*, 398 F.3d 792, 801 (6th Cir. 2005) (citing *Williams v. United States,* 503 U.S. 193, 203 (1992)).

Some courts have found similar *Blakely* violations in Ohio to be harmless error because, after *Foster*, "sentencing judges are free to impose any sentence within the applicable statutory range without the need to make any specific judicial findings." *Leach v. Hudson*, No. 1:06-CV-638, 2007 WL 1115165, at *2 (N.D. Ohio April 13, 2007). Prior decisions from this District have found that because a remand to the state court could result in the very same sentence imposed, there is no prejudice to Petitioner, despite the fact the sentencing violated *Blakely*. *See Leach*, 2007 WL 1115165, at *2 ("[T]here is no reason to believe [the petitioner] would receive a more favorable sentence if the court grants his request for relief."); *Shafer*, 2007 WL 315760, at *11 ("[B]ecause Ohio remedied its unconstitutional sentencing regime by making its guidelines advisory, there is no reason to believe the Petitioner would receive a more favorable sentence if the Court grants his habeas request for relief.").

This Court, however, finds the reasoning in *Shahan*, 2007 WL 1432042, at *3, more persuasive. The *Shahan* court held:

> [B]ecause more than one outcome is possible upon re-sentencing, basing harmlessness on an assumed certainty is flawed. It converts the concept of harmless error in this context into a doctrine of *always* harmless error. Such conversion is especially dangerous when, as here, the possibility of a different sentence must logically preclude any habeas court from saying for a *certainty* that the error is harmless. (emphasis in original).

Similarly, this Court cannot be **certain** the trial judge's consideration of public safety and remorse did not affect Petitioner's sentence and therefore cannot say the error was harmless. *See Hazelwood*,

398 F.3d at 801. *Emrick v. Wolfe*, No. 2:05-CV-1057, 2006 WL 3500005, at *3 (S.D. Ohio Dec. 5, 2006) ("[T]he record in this case fails to reflect that, absent unconstitutional fact findings, the trial court would impose the same sentence . . . this Court is unable to conclude that the *Blakely* error was harmless.").[4]

Petitioner's sentence, imposed in violation of *Blakely*, was contrary to, or was an unreasonable application of, clearly established federal law as determined by the U.S. Supreme Court to the extent it exceeded the statutory maximum. Further, while the sentencing court may reimpose the same sentence upon remand, it equally may choose not to do so. This Court does not find such error to be harmless.[5]

## II.      Ineffective Assistance of Trial Counsel

Petitioner also claims his trial counsel provided ineffective assistance by failing to raise the *Blakely* challenge at sentencing. This claim fails on the merits.

---

[4]

This Court acknowledges the split of authority in this District regarding harmless error in this context. Several of these cases in the context of *Foster/Blakely* are currently pending on appeal in the Sixth Circuit.

[5]

Petitioner argues his sentence is also unconstitutional because the trial court imposed consecutive sentences based on several findings described in detail above. Although the Ohio Supreme Court held such findings unconstitutional in *Foster*, the U.S. Supreme Court has not ruled that the imposition of consecutive sentences, whether based on judicial fact finding or not, violates the Sixth Amendment, nor has it extended *Apprendi, Blakely* or other relevant decisions to consecutive sentences. *See, e.g.*, *Cobbin v. Hudson*, No. 1:05-CV-2809, 2008 WL 552484, at *3 (N.D. Ohio Feb. 26, 2008) (noting lack of consensus among federal courts on this issue). In fact, the U.S. Supreme Court has granted a writ of certiorari to resolve this issue. *Oregon v. Ice*, No. 07-901, 128 S. Ct. 1657 (Mar. 17, 2008) (granting writ to determine whether "the Sixth Amendment, as construed in *Apprendi* . . . and *Blakely* . . . requires the facts (other than prior convictions) necessary to impose consecutive sentences be found by the jury or admitted by the defendant").

Therefore, the state court decision in the instant case cannot be contrary to clearly established federal law because the Supreme Court has not yet resolved this issue.

Assuming *arguendo* the claim was exhausted and not procedurally defaulted (though Respondent argues otherwise), the trial judge sentenced Petitioner in December 2003 (Doc. No. 10, Ex. 12).  At that time, the Supreme Court had not yet decided *Blakely*.  This Court cannot hold trial counsel's failure to raise a constitutional challenge to Petitioner's sentence was objectively unreasonable in light of the state of the law at that time.  The Sixth Circuit has held trial counsel cannot be deemed ineffective for failing to anticipate *Blakely*.  *United States v. Burgess*, 142 F. App'x 232, 240 (6th Cir. 2005).  Before the Supreme Court decided *Blakely*, *Apprendi* was interpreted to apply only to findings that increased the maximum sentence.  *United States v. Leachman*, 309 F.3d 377, 382 (2002).

Accordingly, trial counsel's performance was not deficient.  Because the deficiency prong of the ineffective assistance claim is not met, the Court need not reach prejudice.  Thus, even assuming Petitioner's procedural default was excused, this Court finds the ineffective assistance claim to be without merit.

## CONCLUSION

For the  foregoing reasons, this Court conditionally grants the Writ of Habeas Corpus as to Petitioner's claim that his sentence violated *Blakely*, and the State of Ohio is directed to re-sentence Petitioner within ninety (90) days or release him.  This Court denies relief as to the ineffective assistance claims and further finds there is no basis upon which to issue a certificate of appealability with respect to those claims.

IT IS SO ORDERED.

 _____s/ Jack Zouhary_____
JACK ZOUHARY
U. S. DISTRICT JUDGE

September 18, 2008

22